UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62000-CIV-DIMITROULEAS

AMALFI TRADING, INC.,

     Plaintiff,

v.

GEGATRONICA, S.R.L., LLC, *et al.*,

     Defendants.

_____/

**ORDER APPROVING REPORT OF MAGISTRATE JUDGE;
OVERRULING OBJECTIONS; DENYING MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

THIS CAUSE is before the Court on Defendants' Second Motion to Dismiss for Lack of

Personal Jurisdiction (the "Motion") [DE 21] and the Report and Recommendation of Magistrate

Judge Patrick M. Hunt (the "Report") [DE 41]. The Court has conducted a *de novo* review of the

Report [DE 41], GEGATRONICA, S.R.L. ("GEGATRONICA"), ELISA BACCHIN

("ELISA"), ANDREA PIANARO ("PIANARO"), and AM.IT S.R.L ("AM.IT") (collectively,

"Defendants")'s Objections [DE 46], Plaintiff AMALFI TRADING, INC. ("AMALFI")'s

Response to Defendants' Objections [DE 47], Defendants' Reply [DE 54], and the record herein.

## I.     BACKGROUND

Plaintiff brings this action against its former sales representatives and their companies for

Breach of Contract, Injunctive Relief, Interference with Business Relationships, Unfair

Competition, Breach of Fiduciary Duty, and Violation of Florida's RICO Statute. *See* [DE 1].

Plaintiff alleges generally that Defendants secretly diverted orders from its Florida-based

electronics distribution business to Defendants' own Italian business, causing Plaintiff to suffer

significant losses. Defendants, who handled Plaintiff's sales for Italy, moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction, arguing that as they are Italian citizens who have predominately worked in Italy for the entire course of the business relationship, this Court lacks personal jurisdiction over them. *See* [DE 21].

As the Eleventh Circuit recently explained:

> Generally, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). But if "a defendant challenges personal jurisdiction in a Rule 12(b)(2) motion to dismiss," Federal Rule of Civil Procedure 12(i) affords the district court "discretion on how to proceed." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021). The district court has two options: (1) hold an evidentiary hearing before trial to make factual findings about personal jurisdiction or (2) decide the motion to dismiss "under a prima facie standard" without an evidentiary hearing. *Id.* at 1364–65; Fed. R. Civ. P. 12(i) ("If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial."). If the district court holds an evidentiary hearing, then it should "impose the preponderance-of-the-evidence standard right away" and " 'find the relevant jurisdictional facts' " "during the pretrial phase." *AcryliCon*, 985 F.3d at 1364 (quoting *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010)).

*N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co.*, 124 F.4th 1322, 1333 (11th Cir. 2025).

Accordingly, in this matter, based upon the arguments and evidence submitted in the briefing of Defendants' Motion, the Court referred the Motion to Magistrate Judge Hunt to conduct an evidentiary hearing on the Motion to resolve the disputed issues related to the jurisdictional facts in this matter, and for appropriate disposition or a report and recommendation. *See* [DE 28]. Judge Hunt held a two-day evidentiary hearing on the Motion on March 31, 2026 and April 2, 2026, in which evidence and witness testimony was presented. *See* [DE's 36, 37, 38, 45]. The parties also submitted supplemental post-hearing briefs. *See* [DE's 39,

40]. On May 6, 2026, Judge Hunt entered a Report and Recommendation, recommending that the Motion be denied. *See* [DE 41]. Defendants subsequently filed Objections to the Report, which the Court will now resolve.

## II.      LEGAL STANDARD

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Objections. The Court has carefully conducted a *de novo* and independent review of the factual issues based on the record, including careful review of portions of the transcript of the evidentiary hearing conducted by Judge Hunt that were cited in Defendants' Objections and Reply. The Court is otherwise fully advised in the premises.

## III.      DISCUSSION

In reaching his conclusion that Defendants' Motion to Dismiss on jurisdictional grounds should be denied, Magistrate Judge Hunt found that personal jurisdiction pursuant to Florida's

long arm statute under both the theories of specific jurisdiction and general jurisdiction applied. The Court agrees with Judge Hunt's analysis and conclusion that a finding of general personal jurisdiction is appropriate here based on the corporate and individual Defendants' substantial and not isolated activity in Florida, consisting of their continuous and systematic general business activity in Florida, and that finding jurisdiction under such an engaged business relationship also comports with traditional notions of fair play and substantial justice. The Court also agrees with Judge Hunt's analysis and conclusion that a finding of specific personal jurisdiction under Florida's long-arm statute is also appropriate in this case based upon Defendants' alleged breaches of contracts by failing to perform required acts in Florida and/or by causing injury in Florida through Defendants' alleged intentional tortious actions. The Court also agrees with Judge Hunt that the corporate shield doctrine does not protect intentional conduct calculated to cause injury to a Plaintiff in the forum state, such as is alleged here.

### IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.   The Report [DE 41] is hereby **APPROVED**;

2.   Defendants' Objections [DE 46] are **OVERRULED**;

3.   Defendants' Second Motion to Dismiss for Lack of Personal Jurisdiction [DE 21] is **DENIED**;

4.   Defendants shall file their Answer(s) to the Complaint on or before **July 15, 2026**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 1st day of July, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record